BNDDUTY,CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: <u>1:23–mj–04227–AOR</u>–1

Case title: USA v. MATTHEW FREDERIC BERGWALL     Date Filed: 11/09/2023

Date Terminated: 11/09/2023

Assigned to: Magistrate Judge
Alicia M. Otazo–Reyes

**<u>Defendant (1)</u>**

| | |
|---|---|
| **Matthew Frederic Bergwall** | represented by **Noticing FPD–MIA** |
| 86218–510 | 305–530–7000 |
| *YOB 2002; ENGLISH* | Email: <u>MIA_ECF@FD.org</u> |
| *TERMINATED: 11/09/2023* | *LEAD ATTORNEY* |
| *also known as* | *ATTORNEY TO BE NOTICED* |
| MXB | *Designation: Public Defender Appointment* |
| *TERMINATED: 11/09/2023* | |

**<u>Pending Counts</u>**                                    **<u>Disposition</u>**

None

**<u>Highest Offense Level (Opening)</u>**

None

**<u>Terminated Counts</u>**                                 **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Terminated)</u>**

None

**<u>Complaints</u>**                                        **<u>Disposition</u>**

18 U.S.C. § 371 CONSPIRACY
TO COMMIT COMPUTER
FRAUD; 18 U.S.C. § 149
CONSPIRACY TO COMMIT
MAIL FRAUD; 18 U.S.C. § 1341
MAIL FRAUD

**<u>Plaintiff</u>**

1

**USA**                 represented by   **Noticing AUSA CR TP/SR**
Email: Usafls.transferprob@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/14/2023 | 6 | $50K 10% Bond Entered as to Matthew Frederic Bergwall Receipt # 278124. Approved by Magistrate Judge Alicia M. Otazo–Reyes. *Please see bond image for conditions of release.* (sl) (Additional attachment(s) added on 11/14/2023: # 1 Restricted Bond with 7th Page) (sl). (Entered: 11/14/2023) |
| 11/14/2023 | 5 | Invocation of Right to Silence and Counsel by Matthew Frederic Bergwall (Taylor, Kathleen) (Entered: 11/14/2023) |
| 11/09/2023 | 7 | ORDER OF REMOVAL ISSUED to District of USDC for the Middle District of Florida as to Matthew Frederic Bergwall. Closing Case for Defendant. Signed by Magistrate Judge Alicia M. Otazo–Reyes on 11/9/2023. *See attached document for full details.* (kan) (Entered: 11/14/2023) |
| 11/09/2023 | 4 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Matthew Frederic Bergwall. (fbn) (Entered: 11/13/2023) |
| 11/09/2023 | 3 | Order to Unseal as to Matthew Frederic Bergwall. Signed by Magistrate Judge Alicia M. Otazo–Reyes on 11/9/2023. (fbn) (Entered: 11/13/2023) |
| 11/09/2023 | 2 | Minute Order for proceedings held before Magistrate Judge Alicia M. Otazo–Reyes: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Matthew Frederic Bergwall held on 11/9/2023. Case is Unsealed. Bond recommendation/set: Matthew Frederic Bergwall (1) STIP $50K 10%. Date of Arrest or Surrender: 11/9/2023. Written Financial report due within 30 days from AFPD. Funds for bond due 11/13/23. Defendant waived removal and ordered removed to the M/D FL. Defendant sworn; Attorney added: Noticing FPD–MIA for Matthew Frederic Bergwall (Digital 14:15:16; 14:53:38) Signed by Magistrate Judge Alicia M. Otazo–Reyes on 11/9/2023. (kan) (Entered: 11/13/2023) |
| 11/09/2023 | 1 | Magistrate Judge Removal of Indictment from Middle District of Florida Case number in the other District 8:23–cr–388–TPB–CPT as to Matthew Frederic Bergwall (1). (dgj) (Entered: 11/09/2023) |

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 8:23-cr-388-TPB-CPT |
| MATTHEW FREDERIC BERGWELL a/k/a "MXB" | ) ) ) | **23-4227-MJ-OTAZO-REYES** |
| _____ | ) | |
| *Defendant* | | |

FILED BY ___MP___ D.C.
Nov 9, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

SEALED

2023 OCT 27 AM9:26
RCVD USMS M/FL TAMPA

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    MATTHEW FREDERIC BERGWELL                          ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to commit computer fraud in violation of 18 U.S.C. § 371.
Conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.
Mail fraud in violation of 18 U.S.C. § 1341.

Date:  10/26/2023

                                    _____
                                    *Issuing officer's signature*

City and state:    Tampa, FL

                                    ELIZABETH WARREN, Clerk, United States District Court
                                    *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____. |
| Date: _____                                    _____<br>                                    *Arresting officer's signature*<br><br>                                    _____<br>                                    *Printed name and title* |

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING ☑ SEALED

**Name of District Court, and/or Judge/Magistrate Location (City)**
MIDDLE DISTRICT OF FLORIDA
Middle , FLORIDA

8:23-cr-388-TPB-CPT

**OFFENSE CHARGED**

Conspiracy to commit computer fraud, conspiracy to commit mail fraud, and mail fraud.

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

Defendant - U.S. vs. Matthew Frederic Bergwell

a/k/a (if applicable) MXB

If multi-defendant case, Lead Defendant:

Address 1280 Stanford Drive, 0440 - Lakeside Village, 06-6051A, Coral Gables, FL 33146-2001

Birth Date 04/11/2002 (Optional unless a juvenile)

**Place of Offense**

Hillsborough County

**U.S.C. Citation**

18 U.S.C. §§ 371 and 1030 (a)(5)(A),
18 U.S.C. §§ 1341, 361 and 1349,
18 U.S.C. § 1341

☑ Male ☐ Female ☐ Alien, Citizenship:

SSN: 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 FBI No. Cédula No.

. . . . . . . . . . . . . . . . **PROCEEDING** . . . . . . . . . . . .
Name of Complainant Agency, or Person (& Title, if any)

John Lyons, HSIG (956) 229-5480

SEALED

. . . . . . . . . . . **DEFENDANT** . . . . . . . . . . . . . . .

**IS NOT IN CUSTODY**

☐ person is awaiting trial in another Federal or State Court, give name of court:

1) ☑ Has not been arrested, pending outcome this proceeding
If not detained give date any prior summons }
was served on above charges

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20 ☐ 21 or ☐ 40. Show District:

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
DOCKET NO.
☐ U.S. Att'y ☐ Defense

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

☐ this prosecution relates to a pending case involving this same defendant

6) ☐ Awaiting trial on other charges ☐ Fed'l ☐ State
If answer to (6) is "Yes", show name of institution:
Booking No.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▸
MAGISTRATE CASE NO.

Has detainer ☐ Yes } If "Yes"
been filed? ☐ No } give date filed:

Name and Office of Person Furnishing information on This Form

Roger B. Handberg ☑ U.S.Atty ☐ Other U.S. Agency

DATE OF ARREST ▸

Or... if arresting Agency & Warrant were not Federal

Name of Asst. U.S. Atty.: Carlton C. Gammons

813-274-6000

DATE TRANSFERRED TO U.S. CUSTODY ▸

☐ This report amends AO 257 previously submitted

| ADDITIONAL INFORMATION OR COMMENTS |
|---|

METHOD OF SERVICE: **Warrant**

RECOMMENDED BOND: **Bond**

COURTROOM REQUIREMENTS: **Small**

Will there be a defendant or witness in custody?
☐ Yes ☑ No

| Statutes: | Counts: | Penalty Provisions: | Maximum Penalty: |
|---|---|---|---|
| 18 U.S.C. §§ 371 | One | 18 U.S.C. §§ 371 and 1030 (a)(5)(A) | 5 years imprisonment/ $250,000 fine/ 3 years SR |
| 18 U.S.C. §§ 1349 | Two | 18 U.S.C. § 1349 | 20 years imprisonment/ $250,000 fine/ 3 years SR |
| 18 U.S.C. §§ 1341 | Three | 18 U.S.C. § 1341 and 2 | 20 years imprisonment/ $250,000 fine/ 3 years SR |

Related Cases:

Def. Counsel:

☐ (AP) Appointed
☐ (FD) Federal Public Defender
☐ (PS) Pro Se
☐ (RE) Retained
☐ (TB) To be Appointed

OCDETF Case: ☐ Yes ☑ No

Gang Member: ☐ Yes ☑ No If Yes, gang affiliation:

Start Date:

Rev. 12/12/2018

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED BY ___MP___ D.C.

Nov 9, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

**23-4227-MJ-OTAZO-REYES**

v.                                                        CASE NO.

MATTHEW FREDERIC BERGWALL                 18 U.S.C. § 371
    a/k/a "MXB"                                     (Computer Fraud Conspiracy)

                                                  18 U.S.C. § 1349
                                                  (Mail Fraud Conspiracy)

                                                  18 U.S.C. § 1341
                                                  (Mail Fraud)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Computer Fraud Conspiracy)

### A.    Introduction

At times material to this Indictment:

1.    Defendant MATTHEW FREDERIC BERGWALL, a/k/a

"MXB," was a resident of the State of Florida.

2.    The Victim Company was a private, multinational shipping,

receiving, and supply chain management company. The Victim Company

served as a common carrier for hundreds of retailers all over the world,

including those within the Middle District of Florida. Employee #1,

Employee #2, Employee #3, Employee #4, and Employee #5 (collectively, "the Victim Employees") were employees of the Victim Company. The Victim Company Application ("VCA") was a proprietary application used by the Victim Company to track pickup and delivery events during the shipment of merchandise.

3.      BERGWALL gained unauthorized access to the Victim Employees' VCA accounts. BERGWALL and co-conspirators then used these accounts to submit false and fraudulent tracking information, referred to herein as a "scan," for certain merchandise shipped by the Victim Company on behalf of victim-retailers located in the Middle District of Florida and elsewhere. This allowed BERGWALL and co-conspirators located in the Middle District of Florida and elsewhere to pursue full refunds from victim-retailers while maintaining physical possession of merchandise, such as high-end electronics, jewelry, and designer clothing and accessories. BERGWALL offered this service for sale, which was marketed as "FTID" (Fraudulent Tracking ID). The FTID fraud scheme caused nearly 10,000 fraudulent returns and resulted in more than $3.5 million in lost product and sales revenue to the victim-retailers.

### B.   The Conspiracy

4.     Beginning on an unknown date, but no later than on or about December 28, 2021, and continuing through at least on or about April 14, 2022, in the Middle District of Florida and elsewhere, the defendant,

MATTHEW BERGWALL,
a/k/a "MXB,"

did knowingly and willfully conspire and agree with others, both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally cause damage without authorization to a protected computer, and the offense caused and would, if completed, have caused loss to one or more persons during a one-year period and loss from a related course of conduct affecting one or more protected computers, aggregating at least $5,000 in value, in violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(I), and (c)(4)(B)(i).

### C.   Manner and Means

5.     The manner and means by which the conspirators sought to accomplish the object of the conspiracy included, among others, the following:

a.     It was part of the conspiracy that BERGWALL would and did gain unauthorized access to the Victim Company's tracking platform.

3

b.     It was further part of the conspiracy that BERGWALL and co-conspirators would and did order merchandise known to be shipped by the Victim Company from victim-retailers located in the Middle District of Florida and elsewhere.

c.     It was further part of the conspiracy that BERGWALL and co-conspirators located in the Middle District of Florida and elsewhere would and did receive merchandise from victim-retailers that had been shipped by the Victim Company.

d.     It was further part of the conspiracy that BERGWALL and co-conspirators would and did cause false and fraudulent information to be entered into the Victim Company's tracking platform, making it appear as if merchandise purchased by BERGWALL and co-conspirators had been returned by the Victim Company, prompting victim-retailers to issue refunds.

e.     It was further part of the conspiracy that BERGWALL and co-conspirators would and did receive refunds from victim-retailers for merchandise that had never been returned, and co-conspirators would and did pay BERGWALL a portion of these proceeds.

f.     It was further part of the conspiracy that the conspirators would and did perform acts and make statements to misrepresent, hide and conceal, and cause to be misrepresented, hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### D.    Overt Acts

6.     In furtherance of the conspiracy and to effect its object, BERGWALL and co-conspirators committed the following overt acts, among others, in the Middle District of Florida and elsewhere:

a.     On or about July 10, 2019, BERGWALL subscribed to a mobile phone number ending in -2874 ("Mobile Number 2874" ).

b.     On or about December 28, 2021, using Mobile Number 2874, BERGWALL gained unauthorized access to Employee #1's VCA account.

c.     On or about February 11, 2022, a fraudulent scan was submitted in relation to a $600.25 TeamGee H2O Electric Skateboard shipped from Baltimore, Maryland, to BERGWALL in Coral Gables, Florida.

d.     On or about February 16, 2022, two fraudulent scans were submitted in relation to an $82.29 pair of Reebok shoes shipped from Tempe, Arizona, to BERGWALL in Coral Gables, Florida.

     e.     On or about February 16 and 17, 2022, four fraudulent scans were submitted in relation to a $353.09 Samsung 43-inch Smart UHD TV shipped from Naples, Florida, to BERGWALL in Coral Gables, Florida.

     f.     On or about February 20, 2022, three fraudulent scans were submitted in relation to a $600.25 TeamGee H2O Electric Skateboard shipped from Fresno, Texas, to BERGWALL in Coral Gables, Florida.

     g.     On or about February 16, 2022, using Mobile Number 2874, BERGWALL gained unauthorized access to Employee #2's VCA account.

     h.     On or about February 23, 2022, BERGWALL subscribed to a mobile phone number ending in -9523 ("Mobile Number 9523" ).

     i.     On or about February 23, 2022, using Mobile Number 9523, BERGWALL gained unauthorized access to Employee #3's VCA account.

     j.     On or about March 8, 2022, using Mobile Number 9523, BERGWALL gained unauthorized access to Employee #4's VCA account.

     k.     On or about March 10, 2022, a fraudulent scan was submitted in relation to a $41,470 Rolex President Day-Date shipped from Long Island City, New York, to BERGWALL in Miami, Florida.

l.      On or about March 10, 2022, using Mobile Number 9523, BERGWALL gained unauthorized access to Employee #5's VCA account.

m.      On or about March 11, 2022, four fraudulent scans were submitted in relation to a $41,470 Rolex President Day-Date shipped from Long Island City, New York, to BERGWALL in Miami, Florida.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Mail Fraud Conspiracy)

7.      The allegations contained in Sections A and C of Count One of this Indictment are incorporated by reference as though fully set forth herein.

8.      Beginning on an unknown date, but no later than on or about December 28, 2021, and continuing through at least on or about April 14, 2022, in the Middle District of Florida and elsewhere, the defendant,

MATTHEW BERGWALL,
a/k/a "MXB,"

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit mail fraud, in violation of 18 U.S.C. § 1341.

All in violation of 18 U.S.C. § 1349.

7

## COUNT THREE
### (Mail Fraud)

9.      The allegations contained in Sections A and C of Count One of this Indictment are incorporated by reference as though fully set forth herein.

10.      On or about February 15, 2022, in the Middle District of Florida and elsewhere, the defendant,

MATTHEW BERGWALL,
a/k/a "MXB,"

for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly cause to be delivered by a private and commercial interstate carrier, according to the direction thereon and at the place at which it was directed to be delivered by the person to whom it was addressed, a Samsung 43-inch Smart UHD TV.

In violation of 18 U.S.C. §§ 1341 and 2.

## FORFEITURE

1.      The allegations contained in Counts One, Two, and Three of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030(i), and 28 U.S.C. § 2461(c).

8

2.      Upon conviction of a conspiracy to violate 18 U.S.C. § 1030, in violation of 18 U.S.C. § 371, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1030(i), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit the offense.

3.      Upon conviction of a violation of 18 U.S.C. § 1341 and/or conspiracy to violate 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1349, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

4.      The property to be forfeited includes, but is not limited to, a judgment in the amount of proceeds obtained from the offenses.

5.      If any of the property described above, as a result of any act or omission of the defendant:

        a.  cannot be located upon the exercise of due diligence;

        b.  has been transferred or sold to, or deposited with, a third party;

        c.  has been placed beyond the jurisdiction of the court;

        d.  has been substantially diminished in value; or

9

    e.  has been commingled with other property which cannot be

        divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 982(b)(1).

              A TRUE BILL,

              _____

              Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
    Carlton C. Gammons
    Assistant United States Attorney

By: _____
    Rachelle DesVaux Bedke
    Assistant United States Attorney
    Chief, Economic Crimes Section

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

### THE UNITED STATES OF AMERICA

vs.

### MATTHEW FREDERIC BERGWALL
### a/k/a "MXB"

## INDICTMENT

Violations: 18 U.S.C. §§ 371 and 1030 (a)(5)(A),
18 U.S.C. §§ 1341, 361, and 1349,
18 U.S.C. § 1341

A true bill,

_____
Foreperson

Filed in open court this 25th day

of October 2023.

_____
Clerk

Bail $_____

# MINUTE ORDER

Page 8

## Magistrate Judge Alicia M. Otazo-Reyes

**Atkins Building Courthouse - 10th Floor**     Date: 11/9/23     Time: 2:00 p.m.

Defendant: Matthew Frederic Bergwell     J#: 86218-510     Case #: 23-4227-MJ-OTAZO-REYES(SEALED)

AUSA: Jonathan Stratton     Attorney: Myles Crandall - AFPD

Violation: Conspiracy to Commit Computer Fraud and Mail Fraud     Surr/Arrest Date: 11/9/23     YOB: 2002
Warr/Indictment M/D FL (Tampa)

Proceeding: Initial Appearance     CJA Appt:

Bond/PTD Held: ○ Yes ⊗ No     Recommended Bond: 50k 10%

Bond Set at: Strp 50k 10%     Co-signed by:

- [x] Surrender and/or do not obtain passports/travel docs
  by 11/13/23
- [x] Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person
- [x] Random urine testing by Pretrial Services
  Treatment as deemed necessary
- [ ] Refrain from excessive use of alcohol
- [ ] Participate in mental health assessment & treatment
- [ ] Maintain or seek full-time employment/education
- [ ] No contact with victims/witnesses, except through counsel
- [ ] No firearms
- [ ] Not to encumber property
- [ ] May not visit transportation establishments
- [ ] Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by
- [ ] Allowances: Medical needs, court appearances, attorney visits, religious, employment
- [x] Travel extended to: S/D FL + M/D FL
- [x] Other: Deft may travel to Connecticut for thanksgiving

Language: English

Disposition:
- Case unsealed
- Brady Order
- Rights
- Charges
- Sworn - Indigent
- AFPD appt
- Written financial report due within 30 Days from AFPD
- Funds for bond due 11/13
- Deft waived removal + Ordered removed to the M/D FL

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**     Date:     Time:     Judge:     Place:

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 14:5:16, 14:53:38     Time in Court: 10 mins

s/Alicia M. Otazo-Reyes

Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 23-4227-MJ-OTAZO-REYES   (SEALED)

UNITED STATES OF AMERICA,
       Plaintiff,

V.

Matthew Frederic Bergwell,
       Defendant(s).
_____/

## ORDER

**THIS CAUSE** came before the Court and pursuant to proceedings it is thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.

Dated: 11/8/23

Alicia M. Otazo-Reyes
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No: 23 - 4227 - MS - OTAZO - KEYES

United States of America
      Plaintiff,
    v.

                                  Charging District's Case No.

      Defendant.
MATTHEW Frederic Dergwell

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

    I understand that I have been charged in another district, the
Middle District of Florida                    .

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)    an identity hearing to determine whether I am the person named in the charges;
(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)    a hearing on any motion by the government for detention;
(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

    ☑ An identity hearing and production of the warrant.

    ☐ A preliminary hearing.

    ☐ A detention hearing in the Southern District of Florida.

    ☑ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

    I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 11 / 9 / 2023

_____
Defendant's Signature

_____
Alicia M. Otazo-Reyes
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 23-mj-4227-OTAZO-REYES

UNITED STATES OF AMERICA,
        Plaintiff,

    v.

MATTHEW FREDERICK BERGWELL,
        Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **Middle District of Florida**, an Indictment was filed against the above-named defendant on a charge of **Conspiracy to Commit Computer Fraud**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Alicia M. Otazo-Reyes  at Miami, Florida, which officially committed the defendant for removal to the **Middle District of Florida**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Alicia M. Otazo-Reyes for removal and posted bail in the amount of   **$50,000 10%**   which was approved by the United States Magistrate Judge Alicia M. Otazo-Reyes, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Miami, Florida on November 9, 2023.


Alicia M. Otazo-Reyes
United States  Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   23-4227-CR-OTAZO-REYES

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MATTHEW FREDERIC BERGWELL,

     Defendant.

_____/

## DEFENDANT'S INVOCATION OF
## <u>RIGHTS TO SILENCE AND COUNSEL</u>

The defendant named above does hereby invoke his or her rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to:   matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures;  or that may be relevant to sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

The Defendant requests that the United States Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated

with the investigation of any matters relating to the defendant. Any contact with the Defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully Submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:     s/ *Kate Taylor*
        Kate Taylor
        Assistant Federal Public Defender
        Special Bar No. A5502484
        150 West Flagler Street
        Suite 1700
        Miami, Florida 33130-1556
        Tel:   305-530-7000/Fax: 305-536-4559
        E-Mail Address: Kate_Taylor@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **November 14, 2023**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Kate Taylor*
Kate Taylor

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: _____

CASE NO.: 23-4227-MJ-OTAZO-REYES

UNITED STATES OF AMERICA:

        Plaintiff,

v.

        USM #: 86218-510

        Defendant,

Matthew Frederic Bergwall /

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 50,000 ; 10% (5000)

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: BERGWALL

*Bergwall (correct) Bergwell (listed is some docs)*

CASE NUMBER: 23 - 4227 - MJ - OTAZO - KEYES

PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;  *by 11/03/23*

✓ b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

✓ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ___ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

___ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

___ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: BERGWALL
CASE NUMBER: 23-4227-MJ-OTAZO-REYES
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

__ Home Detention: You are restricted to your residence at all times except for:

( ) medical

( ) substance abuse or mental health treatment

( ) court appearances

( ) attorney visits or court ordered obligations

( ) religious services

( ) employment

( ) other activities as pre-approved by the supervising officer

__ p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment

( ) education

( ) religious services

( ) medical, substance abuse, or mental health treatment

( ) attorney visits

( ) court appearances

( ) court ordered obligations

( ) reporting to Pretrial Services

( ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

__ r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.



DEFENDANT: BERGWALL
CASE NUMBER: 23-4227-MJ-OTAZO-REYES
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. (  ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. (  ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. (  ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. (  ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. (  ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. (  ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. (  ) The defendant shall not be involved in any children's or youth organizations.
8. (  ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. (  ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: Southern + Middle , and must notify Pretrial Services of travel plans before leaving and upon return. Districts of FLORIDA

✓ v. Comply with the following additional conditions of bond:
TRAVEL PERMITTED TO CONNECTICUT for Thanksgiving.

PASSPORT + BOND Due Close of Business Monday 11/13/23

DEFENDANT: BERGWELL

CASE NUMBER: 23-4227-MJ-OTAZO-REYES

PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: BERGWALL
CASE NUMBER: 23 - 4227 - MJ - OTAZO - REYES
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of any one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

## DEFENDANT

Signed this 9 day of November , 20 23 at MIAMI , Florida

Signed and acknowledged before me:              DEFENDANT: (Signature) _____

WITNESS: _____                         MIAMI                    FL
MIAMI              FL                                City                    State
City                State

## CORPORATE SURETY

Signed this _____ day of _____ , 20 ____ at _____ , Florida

SURETY: _____               AGENT: (Signature) _____

_____  _____       PRINT NAME: _____
City              State

## INDIVIDUAL SURETIES

Signed this ___ day of _____ , 20 ___ at _____ , Florida    Signed this ___ day of _____ , 20 ___ at _____ , Florida

SURETY: (Signature) _____                SURETY: (Signature) _____

PRINT NAME: _____                         PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____  _____                    _____  _____
City              State                              City              State

Signed this ___ day of _____ , 20 ___ at _____ , Florida    Signed this ___ day of _____ , 20 ___ at _____ , Florida

SURETY: (Signature) _____                SURETY: (Signature) _____

PRINT NAME: _____                         PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____  _____                    _____  _____
City              State                              City              State

## APPROVAL BY THE COURT

Date: _____

UNITED STATES MAGISTRATE JUDGE
ALICIA M. OTAZO-REYES

28

**AMSCOT**

The Money Superstore®

**INTERNATIONAL MONEY ORDER**

86-490
1031

2226236003

11/13/2023

L3

PAY TO THE
ORDER OF   U.S COURTS

$1000.00

AMSCOT
CORPORATION
P.O. BOX 25137
TAMPA, FL
33622-5137

PURCHASER   MATTHEW BERGWALL

**ONE THOUSAND AND 00/100 DOLLARS

2226236003   NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)

**AMSCOT CORPORATION**

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE

PURCHASER'S SIGNATURE

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

⑆103104900⑆ 4297 2226236003⑈

---

**AMSCOT**

The Money Superstore®

**INTERNATIONAL MONEY ORDER**

86-490
1031

2226236004

11/13/2023

L3

PAY TO THE
ORDER OF   U.S COURTS

$1000.00

AMSCOT
CORPORATION
P.O. BOX 25137
TAMPA, FL
33622-5137

PURCHASER   MATTHEW BERGWALL

**ONE THOUSAND AND 00/100 DOLLARS

2226236004   NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)

**AMSCOT CORPORATION**

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE

PURCHASER'S SIGNATURE

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

⑆103104900⑆ 4297 2226236004⑈

## AMSCOT
### INTERNATIONAL MONEY ORDER
The Money Superstore®

L3

86-490 / 1031

2226236000

PAY TO THE ORDER OF U.S COURTS

11/13/2023

AMSCOT CORPORATION
P.O. BOX 25137
TAMPA, FL 33622-5137

PURCHASER MATTHEW BERGWALL

$1000.00

2226236000

**ONE THOUSAND AND 00/100 DOLLARS
NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)
AMSCOT CORPORATION

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE       PURCHASER'S SIGNATURE

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

⑈103104900⑈ 4297 2226236000⑈

---

THE BACK OF THIS DOCUMENT CONTAINS AN "AMSCOT" ARTIFICIAL WATERMARK - HOLD AT AN ANGLE

## AMSCOT
### INTERNATIONAL MONEY ORDER
The Money Superstore®

L3

86-490 / 1031

2226236001

PAY TO THE ORDER OF U.S COURTS

11/13/2023

AMSCOT CORPORATION
P.O. BOX 25137
TAMPA, FL 33622-5137

PURCHASER MATTHEW BERGWALL

$1000.00

2226236001

**ONE THOUSAND AND 00/100 DOLLARS
NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)
AMSCOT CORPORATION

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE       PURCHASER'S SIGNATURE

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

⑈103104900⑈ 4297 2226236001⑈

---

THE BACK OF THIS DOCUMENT CONTAINS AN "AMSCOT" ARTIFICIAL WATERMARK - HOLD AT AN ANGLE

## AMSCOT
### INTERNATIONAL MONEY ORDER
The Money Superstore®

L3

86-490 / 1031

2226236002

PAY TO THE ORDER OF U.S COURTS

11/13/2023

AMSCOT CORPORATION
P.O. BOX 25137
TAMPA, FL 33622-5137

PURCHASER MATTHEW BERGWALL

$1000.00

2226236002

**ONE THOUSAND AND 00/100 DOLLARS
NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)
AMSCOT CORPORATION

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE       PURCHASER'S SIGNATURE

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

⑈103104900⑈ 4297 2226236002⑈



# U.S. District Court

## Florida Southern - Miami

Receipt Date: Nov 13, 2023 1:53PM

MATTHEW BERGWALL

MIAMI, FL 33130

| Rcpt. No: 278124 | | Trans. Date: Nov 13, 2023 1:53PM | | | Cashier ID: #VT |
|---|---|---|---|---|---|

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 701 | Treasury Registry | DFLS123MJ004227 /001<br>**FBO:** MATTHEW FREDERIC BERGWALL | 1 | 5000.00 | 5000.00 |

| CD | Tender | | | Amt |
|---|---|---|---|---|
| MO | Money Order | #2226236000 | 11/13/2023 | $1,000.00 |
| MO | Money Order | #2226236001 | 11/13/2023 | $1,000.00 |
| MO | Money Order | #2226236002 | 11/13/2023 | $1,000.00 |
| MO | Money Order | #2226236003 | 11/13/2023 | $1,000.00 |
| MO | Money Order | #2226236004 | 11/13/2023 | $1,000.00 |

| | | |
|---|---|---|
| Total Due Prior to Payment: | $5,000.00 |
| Total Tendered: | $5,000.00 |
| Total Cash Received: | $0.00 |
| Cash Change Amount: | $0.00 |

**Comments:** 23-MJ-4227-AOR/MATTHEW FREDERIC BERGWALL REMITTER: MATTHEW BERGWALL
33130 BOND

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: _23 - 4227 - MJ - OTAZO - KBYES_

UNITED STATES OF AMERICA:

               Plaintiff,

v.

                              USM # : _86218-510_

               Defendant,

_Matthew Frederic Bergwall_ /

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ _50,000 ; 10% (5000)_

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

    1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

    2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

    3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

    4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: *BERGWALL*  Bergwall (correct)  Bergwell (listed is some docs)
CASE NUMBER: 23 - 4227 -MJ- OTAZO -KEYES
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;  *11/03/23*

✓ b. Report to Pretrial Services as follows: (✓) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

✓ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ f. Employment restriction(s): _____

__ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

__ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

__ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

__ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

__ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: BERGWALL
CASE NUMBER: 23 - 4227 - MJ - OTAZO · REYES
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on (   ) ability to pay as determined by the U.S. Probation Officer – or – (   ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

__ Home Detention: You are restricted to your residence at all times except for:

(   ) medical
(   ) substance abuse or mental health treatment
(   ) court appearances
(   ) attorney visits or court ordered obligations
(   ) religious services
(   ) employment
(   ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (   )Pretrial Services or (   ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

(   ) employment
(   ) education
(   ) religious services
(   ) medical, substance abuse, or mental health treatment
(   ) attorney visits
(   ) court appearances
(   ) court ordered obligations
(   ) reporting to Pretrial Services
(   ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: BERGWALL
CASE NUMBER: 23-4227-MJ- OTAZO-REYES
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

7. ( ) The defendant shall not be involved in any children's or youth organizations.

8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: Southern + Middle , and must notify Pretrial Services of travel plans before leaving and upon return. Districts of FLORIDA

✓ v. Comply with the following additional conditions of bond:
TRAVEL PERMITTED TO CONNECTICUT for Thanksgiving.

PASSPORT + BOND Due Close of Business Monday 11/13/23

DEFENDANT: BERGWELL
CASE NUMBER: 23-4227-MJ-OTAZO-REYES
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: BERGWALL
CASE NUMBER: 23 - 4227 - MJ - OTAZO - REYES
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 9 day of November, 20 23 at MIAMI, Florida

Signed and acknowledged before me:                DEFENDANT: (Signature) _____

WITNESS: _____

MIAMI                FL                MIAMI                FL
City                State                City                State

### CORPORATE SURETY

Signed this _____ day of _____, 20 ___ at _____, Florida

SURETY: _____                AGENT: (Signature) _____

_____                PRINT NAME: _____
City                State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20 ___ at _____, Florida          Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____                SURETY: (Signature) _____

PRINT NAME: _____                PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____                _____
City                State                City                State

Signed this ___ day of _____, 20 ___ at _____, Florida          Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____                SURETY: (Signature) _____

PRINT NAME: _____                PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____                _____
City                State                City                State

### APPROVAL BY THE COURT

Date: _____

UNITED STATES MAGISTRATE JUDGE
ALICIA M. OTAZO-REYES

CM/ECF RESTRICTED

DEFENDANT: BERGWALL
CASE NUMBER: 23-4227-MJ-OTAZO-REYES
PAGE SEVEN

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 9 day of November, 20 23 at MIAMI, Florida
Signed and acknowledged before me:
WITNESS: Myles Crandall    DEFENDANT: (Signature)
ADDRESS: 150 West Flagler St. 1700    ADDRESS: 6630 SW 57th Ave. B103
MIAMI, FL    ZIP: 33130    South MIAMI, FL    ZIP: 33143
TELEPHONE: 203-604-4638

### CORPORATE SURETY

Signed this _____ day of _____, 20 ___ at _____, Florida
SURETY: _____    AGENT: (Signature) _____
ADDRESS: _____    PRINT NAME: _____
ZIP: _____    TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20 __ at _____, Florida    Signed this ___ day of _____, 20 __ at _____, Florida
SURETY: (Signature) _____    SURETY: (Signature) _____
PRINT NAME: _____    PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____
ADDRESS: _____    ADDRESS: _____
ZIP: _____    ZIP: _____
TELEPHONE: _____    TELEPHONE: _____

Signed this ___ day of _____, 20 __ at _____, Florida    Signed this ___ day of _____, 20 __ at _____, Florida
SURETY: (Signature) _____    SURETY: (Signature) _____
PRINT NAME: _____    PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____
ADDRESS: _____    ADDRESS: _____
ZIP: _____    ZIP: _____
TELEPHONE: _____    TELEPHONE: _____

THE BACK OF THIS DOCUMENT CONTAINS AN "AMSCOT" ARTIFICIAL WATERMARK - HOLD AT AN ANGLE



# INTERNATIONAL MONEY ORDER

86-490
1031

2226236003

The Money Superstore*

L3

PAY TO THE ORDER OF  U.S COURTS

11/13/2023

$1000.00

AMSCOT
CORPORATION
P.O. BOX 25137
TAMPA, FL
33622-5137

PURCHASER
MATTHEW BERGWALL

**ONE THOUSAND AND 00/100 DOLLARS

2226236003    NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)

AMSCOT CORPORATION

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE

PURCHASER'S SIGNATURE

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

⑆103104900⑆ 4297 2226236003⑈

THE BACK OF THIS DOCUMENT CONTAINS AN "AMSCOT" ARTIFICIAL WATERMARK - HOLD AT AN ANGLE

# INTERNATIONAL MONEY ORDER

86-490
1031

2226236004

The Money Superstore*

L3

PAY TO THE ORDER OF  U.S COURTS

11/13/2023

$1000.00

AMSCOT
CORPORATION
P.O. BOX 25137
TAMPA, FL
33622-5137

PURCHASER
MATTHEW BERGWALL

**ONE THOUSAND AND 00/100 DOLLARS

2226236004    NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)

AMSCOT CORPORATION

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE

PURCHASER'S SIGNATURE

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

⑆103104900⑆ 4297 2226236004⑈

**THE BACK OF THIS DOCUMENT CONTAINS AN "AMSCOT" ARTIFICIAL WATERMARK - HOLD AT AN ANGLE**

# AMSCOT
The Money Superstore®

## INTERNATIONAL MONEY ORDER

86-490
1031

2226236000

L3

PAY TO THE ORDER OF U.S COURTS

11/13/2023

AMSCOT CORPORATION
P.O. BOX 25137
TAMPA, FL
33622-5137

PURCHASER MATTHEW BERGWALL

$1000.00

**ONE THOUSAND AND 00/100 DOLLARS

2226236000

NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)

AMSCOT CORPORATION

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE — PURCHASER'S SIGNATURE

**THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER**

⑈103104900⑈ 4297 2226236000⑈

---

**THE BACK OF THIS DOCUMENT CONTAINS AN "AMSCOT" ARTIFICIAL WATERMARK - HOLD AT AN ANGLE**

# AMSCOT
The Money Superstore®

## INTERNATIONAL MONEY ORDER

86-490
1031

2226236001

L3

PAY TO THE ORDER OF U.S COURTS

11/13/2023

AMSCOT CORPORATION
P.O. BOX 25137
TAMPA, FL
33622-5137

PURCHASER MATTHEW BERGWALL

$1000.00

**ONE THOUSAND AND 00/100 DOLLARS

2226236001

NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)

AMSCOT CORPORATION

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE — PURCHASER'S SIGNATURE

**THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER**

⑈103104900⑈ 4297 2226236001⑈

---

**THE BACK OF THIS DOCUMENT CONTAINS AN "AMSCOT" ARTIFICIAL WATERMARK - HOLD AT AN ANGLE**

# AMSCOT
The Money Superstore®

## INTERNATIONAL MONEY ORDER

86-490
1031

2226236002

L3

PAY TO THE ORDER OF U.S COURTS

11/13/2023

AMSCOT CORPORATION
P.O. BOX 25137
TAMPA, FL
33622-5137

PURCHASER MATTHEW BERGWALL

$1000.00

**ONE THOUSAND AND 00/100 DOLLARS

2226236002

NOT VALID FOR MORE THAN ONE THOUSAND FIVE HUNDRED DOLLARS ($1500)

AMSCOT CORPORATION

Payable through BancFirst

PURCHASER AND PAYEE ARE SUBJECT TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE — PURCHASER'S SIGNATURE

**THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER**

⑈103104900⑈ 4297 2226236002⑈

Generated: Nov 13, 2023 1:53PM

Page 1/1



# U.S. District Court

## Florida Southern - Miami

Receipt Date: Nov 13, 2023 1:53PM

MATTHEW BERGWALL

MIAMI, FL 33130

Rcpt. No: 278124     Trans. Date: Nov 13, 2023 1:53PM     Cashier ID: #VT

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 701 | Treasury Registry | DFLS123MJ004227 /001<br>**FBO: MATTHEW FREDERIC BERGWALL** | 1 | 5000.00 | 5000.00 |

| CD | Tender | | | Amt |
|----|--------|--|--|-----|
| MO | Money Order | #2226236000 | 11/13/2023 | $1,000.00 |
| MO | Money Order | #2226236001 | 11/13/2023 | $1,000.00 |
| MO | Money Order | #2226236002 | 11/13/2023 | $1,000.00 |
| MO | Money Order | #2226236003 | 11/13/2023 | $1,000.00 |
| MO | Money Order | #2226236004 | 11/13/2023 | $1,000.00 |

Total Due Prior to Payment: $5,000.00
Total Tendered: $5,000.00
Total Cash Received: $0.00
Cash Change Amount: $0.00

**Comments:** 23-MJ-4227-AOR/MATTHEW FREDERIC BERGWALL REMITTER: MATTHEW BERGWALL
33130 BOND

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.